# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SANDRA RUTH MOORE,                      )
individually and on behalf of E.M.,     )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )       1:25cv262
                                        )
CABARRUS COUNTY BOARD OF                )
EDUCATION, et al.,                      )
                                        )
            Defendants.                 )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the "Petition for Appointment of Guardian Ad Litem" (Docket Entry 11) (the "GAL Motion") filed by Sandra Ruth Moore (the "Plaintiff"). For the reasons that follow, the Court will deny the GAL Motion as moot.

## BACKGROUND

Alleging state and federal claims related to an incident involving E.M., her minor daughter, Plaintiff sued the Cabarrus County Board of Education (the "Defendant") and certain of its employees in state court. (See Docket Entry 2 (the "Complaint") at 1-24.)[1] Contemporaneously with filing the Complaint (see id. at 2), Plaintiff filed a petition seeking appointment as a guardian ad litem for E.M. (see Docket Entry 1-4 at 2). Defendant removed the action to this Court prior to resolution of that petition. (See Docket Entry 1 at 1-4; Docket Entry 1-1 at 1-4.)   Thereafter,

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

Plaintiff filed the GAL Motion, seeking appointment as a guardian ad litem for E.M. pursuant to Federal Rule of Civil Procedure 17(c). (See Docket Entry 11 at 1-2.) According to the GAL Motion, "[Plaintiff] is a competent natural person suitable for appointment as the natural mother and primary caretaker of E.M." and "is capable and willing to serve as guardian ad litem" in this matter. (Id. at 2; see also Docket Entry 14 (the "Amended Complaint") at 1 (asserting that Plaintiff "is the natural mother of E.M., a minor" and "has moved this [C]ourt to be appointed GAL for her daughter with respect to this litigation" (parenthetical omitted)).)

## DISCUSSION

Under Rule 17, "a general guardian" may sue "on behalf of a minor." Fed. R. Civ. P. 17(c)(1)(A). In addition,

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). "These provisions permit, but do not compel, a court to appoint a guardian ad litem for an unrepresented minor." Seibels, Bruce & Co. v. Nicke, 168 F.R.D. 542, 543 (M.D.N.C. 1996); see also Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012) ("[R]esponsibility for Rule 17 appears generally to be left to the discretion of the district courts."). In other words, "Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's [or incompetent

2

person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." Adelman on Behalf of Adelman v. Graves, 747 F.2d 986, 989 (5th Cir. 1984) (brackets in original) (internal quotation marks omitted) (citing Westcott v. United States Fid. & Guar. Co., 158 F.2d 20 (4th Cir. 1946)).

Under Rule 17, "[c]apacity to sue . . . is determined . . . by the law of the individual's domicile," Fed. R. Civ. P. 17(b)(1), which for E.M. remains North Carolina (see Docket Entry 14 at 1). See, e.g., Hudnall v. Sellner, 800 F.2d 377, 384 (4th Cir. 1986) ("Capacity is controlled by [Rule 17], which defers questions of legal capacity to the law of [the relevant party's] domicile, here Maryland."). North Carolina recognizes parents as "the natural guardians of the person of their minor children." N.C. Gen. Stat. § 35A-1201(a)(6). Thus, "[i]n most cases, a parent qualifies as a 'general guardian' who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c)." Epic Games, Inc. v. C.B., No. 5:19cv250, 2019 WL 8334611, at *1 (E.D.N.C. Sept. 27, 2019); see also, e.g., Communities for Equity v. Michigan High Sch. Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) ("[Rule] 17(c) . . . provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue.").

Moreover:

> [n]othing else appearing, it may be presumed that a parent acts in the best interest of the child.

3

> Permitting the parent to act as a guardian saves the expense of appointing a guardian which is also an important policy consideration. . . . Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child.

Seibels, 168 F.R.D. at 544 (citation and footnote omitted).

Here, the record reflects that Plaintiff, "the natural mother of [E.M., a] minor" (Docket Entry 1-4 at 2), "is over the age of 21, is of sound mind, and is a fit and proper person to serve as" the representative for "[E.M.] in this action" (id.). Moreover, the record strongly implies that E.M.'s parents, including Plaintiff, possess legal and physical custody of E.M., their minor daughter. (See, e.g., Docket Entry 14 at 10 ("Patel forced Plaintiff to choose between sending her daughter into the same class with the student who had assaulted her or agreeing to transfer her to a different school. . . . On the day of the assault, when Plaintiff picked E.M. up from school, E.M. was very sad and emotional. On the evening of the assault, when Plaintiff needed to leave the home to attend an event, E.M. became distraught as to her mother leaving, but E.M. was unable to communicate why." (paragraph numbering omitted)); see also Docket Entry 11 at 2 (asserting that Plaintiff "[i]s the natural mother and primary caretaker of E.M.").) In any event, nothing in the record indicates an impediment to Plaintiff acting on behalf of E.M. in this action. (See Docket Entries dated Apr. 4, 2025, to present.)

4

Accordingly, Plaintiff does not require appointment as a guardian ad litem in this matter. As a neighboring court has explained, "Rule 17(c)(1) provides that certain specified representatives may sue on behalf of a minor, or if the minor 'does not have a duly appointed representative, the minor may sue by a next friend or by a guardian ad litem.'" A.R. by & through D.R. v. Wake Cnty. Bd. of Educ., No. 5:22cv45, 2022 WL 16953620, at *2 (E.D.N.C. Nov. 15, 2022) (brackets omitted) (quoting Fed. R. Civ. P. 17(c)(2)). "[Plaintiff], as a parent, 'qualifies as a general guardian who may act on behalf of [her] minor [child] without needing a formal court appointment under Federal Rule 17(c).'" Id. (quoting Epic Games, 2019 WL 8334611, at *1); see also Genesco, Inc. v. Cone Mills Corp., 604 F.2d 281, 285 (4th Cir. 1979) (observing, regarding lawsuit commenced by parent as "next friend" of minor child, that "Rule 17(c) permits an infant who lacks a general guardian to bring suit by his next friend, and no special appointment process for the next friend is required").

In other words, Plaintiff "may bring suit on [E.M.]'s behalf in federal court under Rule 17(c)," A.R., 2022 WL 16953620, at *3, without the necessity of appointment as a guardian ad litem, see id. at *2-3. Indeed, such appointment "would be a needless formality." Allen v. State Bd. of Educ. of N.C., 55 F.R.D. 350, 352 (M.D.N.C. 1972), aff'd, 473 F.2d 906 (Table) (4th Cir. 1973); see also id. at 351-52 (explaining that parent plaintiffs lacked

5

standing to serve as "representatives of a class of taxpayers" and that, "insofar as the [parents] complain on their own behalf and not upon behalf of their children, as the natural guardians thereof, they must also be held to lack standing," but that, "[a]s to the unquestioned standing of the [parents] to bring this action as natural guardians for their own children, their appointment as guardians ad litem would be a needless formality"). As such, the Court will deny as moot the GAL Motion.

## CONCLUSION

As E.M.'s parent, Plaintiff may proceed as E.M.'s guardian or next friend in this action, rendering unnecessary her appointment as E.M.'s guardian ad litem.

**IT IS THEREFORE ORDERED** that the GAL Motion (Docket Entry 11) is **DENIED AS MOOT.**

This 13th day of May, 2025.

                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                         **United States Magistrate Judge**

6

Case 1:25-cv-00262-WO-LPA   Document 21   Filed 05/13/25   Page 6 of 6